UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BYRON DEMON MOORE, | § | |
| TDCJ-CID NO. 1095069, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-10-0936 |
| | § | |
| RICK THALER, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Byron Demon Moore, a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state court felony conviction. (Docket Entry No.1). Respondent moves for summary judgment on the ground that the pending petition is time-barred. (Docket Entry No.8). Petitioner has filed an objection to the motion. (Docket Entry No.11).

For the reasons to follow, the Court will grant respondent's motion for summary judgment and dismiss this habeas action with prejudice.

I.    BACKGROUND

Petitioner was convicted on March 14, 2002, of the murder of Alan Frederick Thomas[1] in the 179th Criminal District Court of Harris County, Texas, in cause number 873,265. Punishment was assessed at eighty-seven years confinement in TDCJ-CID. (Docket Entry No.1). The First Court of Appeals for the State of Texas affirmed the judgment of the state district court in an unpublished opinion. *Moore v. State*, No. 01-02-00083-CR (Tex. App.—Houston [1st Dist.], July 24, 2003) (unpublished memorandum opinion). Petitioner did not file a

---

[1] *See* indictment in *Ex parte Moore*, Application No.WR-71,866-02, page 84.

1

petition for discretionary review with the Texas Court of Criminal Appeals (Docket Entry No.2), and his time to do so expired thirty days after the First Court of Appeals for the State of Texas affirmed the judgment of the state district court. TEX. R. APP. PROC. 68.2(a). Thus, petitioner's conviction became final for purposes of federal habeas corpus review thirty days after the appellate court's judgment was entered, on or about August 24, 2003. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his first state habeas application on December 12, 2007, and the Texas Court of Criminal Appeals denied the application on May 6, 2009. (Docket Entry No.1). He filed a second state habeas application on July 17, 2009, which the Texas Court of Criminal Appeals dismissed on July 29, 2009. (*Id.*).

Petitioner executed the pending petition for a federal writ of habeas corpus on March 15, 2010. (*Id.*). Therefore, Petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks federal habeas relief on grounds that the prosecution failed to disclose favorable evidence to the defense, subjected petitioner to malicious prosecution, prosecutorial misconduct, and perjured testimony. (Docket Entry No.1). He also seeks relief on claims that he was denied the effective assistance of counsel and that he has been subjected to a fundamental miscarriage of justice. (*Id.*).

## II.   DISCUSSION

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the

record demonstrating the absence of a genuine issue for trial. *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*,

154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320).  Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Id.* at 198.

Under § 2244(d)(1)(A), petitioner's conviction became final for purposes of federal habeas corpus review thirty days after his conviction was affirmed by the intermediate court of appeals, on or about August 24, 2003.  SUP. CT. R. 13.1.  That date triggered the one-year limitations period which expired on August 24, 2004.

Petitioner did not file a state habeas application until December 12, 2007, years after limitations expired, therefore, the tolling provisions found in § 2244(d)(2) do not apply. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). The present petition executed on March 15, 2010, therefore, is time-barred.

Petitioner acknowledges that under 28 U.S.C. § 2244(d)(1)(A), his petition is time-barred.  (Docket Entry No.2, page 10).  Nevertheless, petitioner argues that his habeas petition is timely under § 2244(d)(1)(D) because it was filed within one year from the date on which he discovered the factual predicate supporting his claims regarding the prosecutor's alleged failure to disclose exculpatory evidence.  Petitioner describes the factual predicate or "newly discovered evidence" as witnesses who had first hand knowledge of threats made by the complainant against petitioner.  (Docket Entry No.2, pages 10-11).  He has attached the affidavits of the two witnesses, who attest that they disclosed such evidence to the prosecutor and to petitioner's attorney before trial.  (Docket Entries No.2-2, pages 1-2; No.2-3, pages 1-2). Petitioner does not specifically indicate when he was made aware of such information.[2]  He

---

[2] Petitioner's mother attests that sometime in 2009, she learned from two of petitioner's friends that they had contacted the prosecutor and petitioner's trial counsel about complainant's threats against petitioner before trial in 2001.  (Docket Entry No.2-4, page 1).  She then shared this information with petitioner.  (*Id*.).  Petitioner states in

4

states that the affidavits were sworn in June 2009, and he attempted to exhaust this claim by filing a second state habeas application in July 2009, which the state habeas courts dismissed as an abuse of the writ. (*Id.*, page 11).

The test for due diligence is objective and not subjective. *Starns v. Andrews*, 524 F.3d 612, 618 (5th Cir. 2008). In this case, petitioner has not shown that he could not have previously discovered this allegedly exculpatory evidence through the exercise of reasonable diligence, particularly in light of the affiants' statements that they disclosed the exculpatory evidence to petitioner's trial counsel and the prosecutor before trial. He has also failed to show that he filed the present application within one year of such discovery. Accordingly, petitioner's argument that § 2244(d)(1)(D) should apply and that the limitations period did not run until the affidavits were notarized is without merit. Instead, § 2244(d)(1)(A) governs this case and the one-year limitation period for petitioner to file his federal habeas petition expired on August 24, 2004.

Petitioner has not requested equitable tolling of the limitations period and his pleadings do not show that he is entitled to the same. The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "'E]quity is not intended for those who sleep on their rights.'" *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)). The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216

---

his Declaration that his mother informed him of this information and that "[t]his information has been recently brought to my attention. (*Id.*, page 3).

F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). Petitioner has not met such burden.

Moreover, petitioner has not shown that that he was subject to state action that impeded him from filing his petition. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based. *See* 28 U.S.C. § 2244(d)(1)(C). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *See Fisher,* 174 F.3d at 714. Accordingly, the Court finds that petitioner's federal habeas corpus petition is barred by the AEDPA's one-year limitation period. Respondent is entitled to summary judgment.

### III.    CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242

F.3d at 263 (quoting *Slack*, 529 U.S. at 484). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be denied.

## IV.    CONCLUSION

Accordingly, the Court ORDERS the following:

1. Respondent's motion for summary judgment (Docket Entry No.8) is GRANTED.

2. This cause of action is DISMISSED, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

3. A certificate of appealability is DENIED.

4. All other pending motions are DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, this 1st day of March, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE